Eastern District of Kentucky
F I L E D
MAR 14 2019
AT ASHLAND
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

ROLAND JEVON HOPKINS,  )
)
Petitioner,  )  Civil No. 0:19-027-HRW
)
v.  )
)
FCI ASHLAND WARDEN,  )  **MEMORANDUM OPINION**
)  **AND ORDER**
Respondent.  )

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Roland Jevon Hopkins is an inmate at the Federal Correctional Institution in Ashland, Kentucky. Proceeding without a lawyer, Hopkins filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [D. E. Nos. 1, 1-1]. This matter is now pending before this Court on initial screening pursuant to 28 U.S.C. § 2243. *See Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). For the reasons set forth below, the Court will deny Hopkins's petition.

In 2007, Hopkins pled guilty to conspiracy to distribute 50 grams or more of a mixture and substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. §§ 846 and 841. *See United States v. Roland Hopkins*, No. 1:06-cr-439 at D. E. Nos. 35, 47 (M.D.N.C. 2007). According to Hopkins [D. E. No. 1-1 at 1], the trial court determined that he was a career offender pursuant to section 4B1.1 of the United States Sentencing Guidelines (U.S.S.G.) because he had at least two prior

1

felony convictions for either a crime of violence or controlled substance offense. As a result, Hopkins's sentence was enhanced, and the trial court sentenced him to 385 months in prison, though it later reduced that sentence to 270 months. *See Hopkins*, No. 1:06-cr-439 at D. E. Nos. 47, 176. Hopkins subsequently tried to vacate his sentence pursuant to 28 U.S.C. § 2255, but his efforts were unsuccessful.

Hopkins has now filed a § 2241 petition with this Court, and it is clear that he is attempting to challenge the validity of his sentence in his underlying criminal case. Indeed, Hopkins repeatedly argues that, in light of intervening case law, two of his prior convictions are no longer valid predicate offenses for purposes of a sentence enhancement under U.S.S.G. § 4B1.1. [D. E. No. 1 at 5; No. 1-1 at 1, 4-7]. Ultimately, Hopkins asks this Court to enter an order that says "that both predicates used to apply the career offender enhancement under United States Sentencing Guideline 4B1.1 are not valid predicates" and then "remand[s] him back to the district court to be resentenced accordingly." [D. E. No. 1 at 8].

Hopkins's petition, however, constitutes an impermissible collateral attack on his sentence. Although a federal prisoner may challenge the legality of his sentence on direct appeal and through a timely § 2255 motion, he generally may not do so in a § 2241 petition. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001) (explaining the distinction between a § 2255 motion and a § 2241 habeas petition). After all, a § 2241 petition is usually only a vehicle for challenges to actions taken

by prison officials that affect the way the prisoner's sentence is being carried out, such as computing sentence credits or determining parole eligibility. *See Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). Simply put, Hopkins cannot use a § 2241 petition as a way of challenging his sentence.

It is true that, in *Hill v. Masters*, 836 F.3d 591 (6th Cir. 2016), the United States Court of Appeals for the Sixth Circuit indicated for the first time that a prisoner may challenge his sentence in a § 2241 petition. However, in doing so, the court expressly limited its decision to the following, narrow circumstances:

> (1) prisoners who were sentenced under the mandatory guidelines regime pre-*United States v. Booker*, 543 U.S. 220 . . . (2005), (2) who were foreclosed from filing a successive petition under § 2255, and (3) when a subsequent, retroactive change in statutory interpretation by the Supreme Court reveals that a previous conviction is not a predicate offense for a career-offender enhancement.

*Id.* at 599-600.

Those circumstances do not apply in this case. That is because the trial court sentenced Hopkins in 2007, well after the Supreme Court's decision in *Booker* made the sentencing guidelines advisory rather than mandatory. On this basis alone, Hopkins's claim does not fall within *Hill*'s limited exception for bringing a § 2241 petition to challenge his federal sentence. *See Loza-Gracia v. Streeval*, No. 18-5923 (6th Cir. March 12, 2019) ("Loza-Gracia cannot proceed under *Hill* because he was sentenced in 2011, long after the Supreme Court's January 2005 *Booker* decision

3

made the guidelines advisory rather than mandatory."); *Contreras v. Ormond*, No. 18-5020 (6th Cir. Sept. 10, 2018) ("[The petitioner's] case does not fall within the narrow exception recognized by *Hill* because he was sentenced post *Booker* in 2009, under the advisory sentencing guidelines."); *Arroyo v. Ormond*, No. 17-5837 (6th Cir. April 6, 2018) (holding that since the petitioner was sentenced after *Booker*, his "claim does not fall within *Hill*'s limited exception for bringing a § 2241 habeas petition to challenge a federal sentence"). Thus, Hopkins's attack on the § 4B1.1 enhancement is unavailing. Finally, to the extent that Hopkins's sentence was also enhanced pursuant to another provision in the law, Hopkins puts forth no arguments regarding such matters. In short, Hopkins's § 2241 petition is simply unavailing.

Accordingly, it is **ORDERED** as follows:

1. Hopkins's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [D. E. No. 1] is **DENIED**.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3. A corresponding Judgment will be entered this date.

This 14th day of March, 2019.



**Signed By:**
*Henry R. Wilhoit, Jr.*
**United States District Judge**

4